**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

PLAZA MANAGEMENT, LLC,

        Plaintiff,

v.                               CIVIL ACTION NO.  2:11-cv-00350

COUNTRY INN & SUITES BY CARLSON, INC.,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the defendant's Motion to Dismiss or Transfer [Docket 10].

For the reasons discussed below, this motion is **GRANTED**.  The court **ORDERS** that this action

be **TRANSFERRED** to the United States District Court for the District of Minnesota.

      **1.  Background**

      This declaratory judgment action arises out of a license agreement between Plaza

Management, LCC ("Plaza") and Country Inn & Suites by Carlson, Inc. ("CIS").  On May 18,

2011, Plaza filed suit in this court seeking "a declaration that the terms and conditions of the

[licensing] Agreements . . . are unreasonable and that [CIS], by virtue of the unreasonable

application of the terms and conditions of the Agreements has so materially breached the

Agreements that Plaza has good cause to terminate the Agreements and that the Agreements are

void."  (Compl. at 8 [Docket 1]).

      The license agreements contain a forum selection clause which provides in pertinent part:

           Except for injunctive relief sought by Country, which Country may
           bring in a court of competent jurisdiction in the state where (i)

> Licensee resides or has its principal place of business, or (ii) the Hotel is located, *all Claims whatsoever, arising out of or related to this Agreement in any way, must be commenced, filed and litigated before a court of competent jurisdiction located in Hennepin County, Minnesota.*

(License Agreement § 25.4 [Docket 10-1]) (emphasis added).

On May 18, 2011, the plaintiff filed suit in this court, seeking declaratory judgment and money damages.   On October 12, 2011, the defendant filed the instant motion seeking to have the case dismissed or transferred to the District of Minnesota.   This Motion is now ripe for review.

## II.   Discussion

28 U.S.C. § 1404(a) provides:   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   The determination of whether to transfer an action to another district court is "committed to the transferring court's sound discretion."   *P.M. Enters. v. Color Works, Inc.*, 946 F. Supp. 435, 439 (S.D. W. Va. 1996); *see Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (stating that "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness'" (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964))).   In exercising its discretion, a district court must weigh a number of case-specific factors.   *Stewart*, 487 U.S. at 29.   Factors commonly considered in ruling on a motion to transfer venue include the following: "(1) ease of access to sources of proof; (2) the convenience of parties and witnesses; (3) the cost of obtaining the attendance of witnesses; (4) the availability of compulsory process; (5) the possibility of a view; (6) the interest in having local controversies decided at home; and (7) the interests of justice."   *P.M. Enters.*, 946 F. Supp. at 440 (citations omitted).

- 2 -

The existence of a forum selection clause in the license agreement is "a significant factor that figures centrally in the district court's calculus."   *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).   Such a clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *M/S Bremen v. Zapata Off-Shore Org., Inc. v. Ricoh Corp.*, 407 U.S. 1, 10 (1972); *see also, e.g.*, *Petroleum Prods., Inc. v. Commerce and Indus. Ins. Co.*, 2009 WL 4782063 (S.D. W. Va. 2009).

### A.   This action implicates the forum selection clause.

Although the existence of a forum selection clause is not disputed, the plaintiff argues that the instant action is not covered by the clause.   By its terms, the forum selection clause applies to "all Claims whatsoever, arising out of or related to this Agreement in any way."   (License Agreement § 25.4).   Plaza has attempted to avoid the plain language of the forum selection clause by taking the untenable position that this action is not a claim or dispute but rather "a request for guidance" in interpreting the licensing agreement.   (Pl.'s Mem. Opp. Mot. to Dismiss or Transfer, at 3 [Docket 15]).   This argument is without merit.   Federal courts do not offer legal advice, nor do they issue advisory opinions.   If the instant action is not a dispute, it has no business in this or any other federal court.   Further, the plaintiff's position is undermined by the complaint itself, which seeks money damages "in an amount in excess of $75,000, costs, expenses and reasonable attorneys fees."   (Compl. at 8 [Docket 1]).   The court hereby **FINDS** that Plaza has brought a claim against the defendant within the meaning of the forum selection clause and therefore **FINDS** that the forum selection clause applies to this case.

### B.   The forum selection clause is valid.

The enforceability of a forum selection clause in federal court is a matter governed by

federal law, even when the federal court is sitting in diversity.  *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 28-29 (1988).   Forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 10 (1972); *Murphy v. Schneider Nat'l, Inc.,* 362 F.3d 1133, 1140 (9th Cir.2004); *Int'l Software Sys., Inc. v. Amplicon, Inc.,* 77 F.3d 112, 115 (5th Cir. 1996).   A forum selection clause may be unreasonable if:   (1) there was fraud or overreaching in its formation; (2) enforcing the clause will result in a forum so inconvenient that the objecting party will be deprived of its day in court; (3) enforcing the clause would deprive the objecting party of a remedy; or (4) enforcing the clause would contravene the public policy of the forum state.  *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991).

In this case, Plaza has not asserted fraud or overreaching in the formation of the forum selection clause, nor is there any evidence before the court that suggests fraud or overreaching has occurred.   Plaza's primary argument is that enforcement of the clause would be inconvenient. (Pl.'s Mem. Opp. Mot. to Dismiss or Transfer, at 15–16).   In support of this argument, Plaza asserts that it has no connection with Minnesota and suggests that it may be necessary for the court to view the hotels, which are located in West Virginia.   While the possibility of a view is relevant to a motion to transfer, in this case it seems unlikely that a view would be necessary or helpful in deciding what appears to be strictly a contractual dispute.   A remote possibility that a view of the hotels might be helpful is not itself enough to establish that a Minnesota forum is so inconvenient as to deprive Plaza of its day in court.  *See Carnival Cruise Lines*, 499 U.S. at 595 (stating that a forum selection clause may be unreasonable if enforcement would effectively deprive the objecting party of its day in court).  Plaza has not asserted that enforcing the forum selection

clause would deprive it of a remedy or contravene the public policy of either West Virginia or Minnesota.   The court therefore determines that the possible inconvenience cited by Plaza is not enough to invalidate the forum selection clause.   The court therefore **FINDS** that the forum selection clause is valid.

For the reasons discussed above, the court **FINDS** that the forum selection clause is valid and **FINDS** that it applies in this case.   The court further **FINDS** that Plaza has not established that enforcement of the forum selection clause would be unreasonable.   Therefore, it is **ORDERED** that this case be transferred to the United States District Court for the District of Minnesota.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       January 4, 2012

Joseph R. Goodwin, Chief Judge